**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas Barthel Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

*Attorneys for Plaintiff Gregory T. Treihart*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| **GREGORY T. TREIHART,** Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>**BRIDGECREST ACCEPTANCE CORPORATION dba DRIVETIME CAR SALES COMPANY,**<br><br>Defendant. | **Case No:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS UNDER CALIFORNIA PENAL CODE SECTION 632.7;**<br>2. **INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS**<br><br>**JURY TRIAL DEMANDED** |

1

Class Action Complaint for Damages

## INTRODUCTION

1. Gregory T. Treihart ("Plaintiff"), individually and on behalf of all others similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Bridgecrest Acceptance Corporation dba DriveTime Car Sales Company (hereinafter, referred to as "Defendants"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 630, et seq. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws that permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on his personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## Jurisdiction and Venue

7. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, the elements of the Class Action Fairness Act of 2005 ("CAFA") are met, and this Court has jurisdiction.

8. Upon information and belief Defendant Bridgecrest, at all material times hereto, acted on behalf of Defendant DriveTime, making unlawful and illegal recordings of conversations with customers, including Plaintiff.

9. This Court has personal jurisdiction over Defendant because Defendant have sufficient minimum contacts in California through systematic and continuous marketing, sales, and distribution of their products and services, or otherwise intentionally avail themselves of the California market through the promotion, sale, marketing and distribution of their products so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice. Moreover, Defendant's wrongful and illegal conduct (as described herein) foreseeably affects consumers in California. Furthermore, Defendant is registered to conduct business in California.

10. Venue is proper in this Court because, upon information and belief, Defendant transact business in this district and the acts and omissions alleged, specifically, Defendant invaded Plaintiff's privacy by illegally recording a conversation with Plaintiff, occurred while Plaintiff was physically located in the city of Riverside, State of California, pursuant to 28 U.S.C. § 1391(b)(2).

Class Action Complaint for Damages

11. Furthermore, Defendant has established sufficient contacts in this district pursuant to 28 U.S.C. § 1391(a), through the business of promoting, selling, marketing and distributing various products including vehicle financing related products and services.

## Parties

12. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, City of Riverside, in this judicial district.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant operates car dealerships which focus on offering used cars to consumers in twenty-seven states, including California.

14. Defendant is a foreign limited liability company organized and existing by virtue of the laws of the State of Arizona and doing business in California.

15. Plaintiff alleges that at all times mentioned herein was, a "person", as defined by Cal. Pen. Code § 632(b).

16. The transactions and occurrences that give rise to Plaintiff's claims against Defendant occurred in California.

17. All of the acts and failures to act alleged herein were duly performed by and are attributable to Defendant, acting by and through its agents and employees. These acts and failures to act were within the scope of Defendant's agency and/or employment, and Defendant ratified these unlawful acts and omissions.

## FACTUAL ALLEGATIONS

18. On or around April 7, 2016, Defendant called Plaintiff on his cellular telephone ending in 1740.

19. When Plaintiff answered the telephone, Defendant's representative identified as "Shannon" labeled the call a courtesy call and wanted to go over account information and dealership experience.

20. At no time during the call did Defendant's representative inform Plaintiff that the call was being recorded.

Class Action Complaint for Damages

21. The parties spoke for around ten minutes and thirty seconds about confidential personal identifying information.

22. Plaintiff did not consent to the call being recorded without his knowledge.

23. Upon information and belief, Defendant records all of its telephone calls, including the call between Plaintiff and Defendant described above.

24. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked and upset that Defendant audio recorded one or more cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

25. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]". California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

26. Defendant recorded or otherwise made an unauthorized connection to the Plaintiff's conversations with Defendant and its employees in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including California's Constitutional prohibition in Article 1, Section 1.

27. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

Class Action Complaint for Damages

28. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded a communication transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

29. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the call would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

30. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

31. Defendant, and its employees and agents, surreptitiously recorded the call made by Defendant to Plaintiff. At no time before the call or at the outset of the call was Plaintiff warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the call would be recorded.

32. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

33. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

35. Plaintiff proposes the following Class consisting of and defined as follow:

> All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant/s and/or their agent/s within the two years prior to the filing of the Complaint.

36. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the judges to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

37. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

38. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called thousands of class members in California and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

39. <u>Commonality:</u> There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any calls with the Class Members;
- Whether Defendant had, and continues to have, a policy during the relevant period of recording telephone calls made to the Class Members;
- Whether Defendant's policy or practice of recording telephone communications with Class Members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;

7

Class Action Complaint for Damages

- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

40. <u>Typicality</u> Plaintiff's conversation was unlawfully recorded without a warning of such recording, and thus, her injuries are also typical to Class Members.

41. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded the Plaintiff and Class Members' conversations with Defendant, and Defendant invading the privacy of said Plaintiff and Class. Plaintiff and Class Members were damaged thereby.

42. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

43. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

44. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

8

Class Action Complaint for Damages

a. Class-wide damages are essential to induce Defendants to comply with California law.

b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

45. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant recorded their telephone conversations without Class Members' knowledge or consent, especially since Defendant's representatives at times falsely state that they do not record such conversations.

46. The Class may also be certified because:

- The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards

- of conduct for Defendant;
- The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

**FIRST CAUSE OF ACTION**
**ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS**
**UNDER CALIFORNIA PENAL CODE § 632.7**

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
49. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.
50. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

51. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members that their cellular telephone communications with Defendant would be recorded.

52. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

53. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

54. Plaintiff and Class Members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

55. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION
## INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

58. At all relevant times hereto, Plaintiff and Class Members had a reasonable expectation of privacy.

59. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

60. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members that their cellular telephone communications with Defendant would be recorded.

11

Class Action Complaint for Damages

61. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations, thus intentionally intruding on Plaintiff's and Class Members' reasonable expectation of privacy.
62. This intentional intrusion was a substantial factor in causing Plaintiff and Class Members harm.
63. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, and each of them, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class;
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class;
- Punitive damages;
- Special, general, compensatory and punitive damages;
- Reasonable attorneys' fees and costs; and
- An amount of $5,000 for each violation of section 632 *et seq.* of the California Penal Code, or three times the amount of any actual damages sustained by Plaintiffs, whichever is greater.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

### ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

- Special, general, compensatory and punitive damages;
- As a result of Defendant's violation of California Penal Code Sections 630 *et seq.*, Plaintiff seeks statutory damages of $5,000.00 pursuant to California Penal Code § 637.2(a);

Class Action Complaint for Damages

- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiff and;
- Any other relief the Court may deem just and proper including interest.

### INVASION OF PRIVACY
### INTRUSION INTO PRIVATE AFFAIRS

- Special, general, compensatory and punitive damages;
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief, prohibiting such conduct in the future; and,
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: December 3, 2018

By: s/Abbas Kazerounian
    Abbas Kazerounian, Esq.
    ak@kazlg.com
    *Attorney for Plaintiff*